IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>   JOHN MICHAEL ZITO, and<br>   LETICIA QUINTANA ZITO,<br><br>                Debtors. | CASE NO. 09-13886-AJ-13<br>CHAPTER 13 |
| JOHN MICHAEL ZITO, and<br>LETICIA QUINTANA ZITO,<br><br>                Plaintiffs,<br>     v.<br>BANK OF AMERICA, N.A.,<br>               Defendant. | A.P. No. 09-1187 |

Memorandum re Default Judgment
_____

    The debtors filed a Chapter 7 petition in 2008 and were discharged in 2009. They then commenced the above Chapter 13 case and brought this adversary proceeding to stip off the lien of Bank of America and disallow the Bank's unsecured claim. The Bank's default has been entered.

    There is serious doubt that a debtor can strip off a lien in cases like this were the debtor is not entitled to a Chapter 13 discharge due to a recent Chapter 7 discharge. *In re Jarvis,* 390 B.R. 600 (Bkrtcy.C.D.Ill.2008); *In re Blosser*, 2009 WL 1064455 (Bkrtcy.E.D.WI 2009). However, since there are no binding appellate cases on this issue and since the Bank has not chosen to contest the complaint, the court will allow the strip of the lien notwithstanding these cases.

    However, the court declines to void the Bank's unsecured claim; the debtors cannot have their cake and eat it, too. An unsecured claim is generally allowable where a lien is avoided in Chapter 13 even when there has been a recent Chapter 7 discharge. *In re Gounder*, 266 B.R. 879 (Bkrtcy.E.D.Cal.2001); *In re Akam,* 259 B.R. 371 (Bkrtcy.C.D.Cal.2001).

    For the foregoing reasons, the court will enter a judgment stripping the lien but declines to declare that the Bank has no unsecured claim. Final adjudication of that issue will be rendered

1

only after a hearing on the debtors' objection to a proof of claim.

Dated: February 23, 2010

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2